

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEWART V. BRAGG<br><br>Plaintiff,<br><br>VS.<br><br>DR. ABRAHAM SAFEEK,<br>ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§  NO. 3-09-CV-1931-N<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Stewart V. Bragg, a Texas prisoner, alleging that he received inadequate medical care while incarcerated in the Dallas County Jail. On October 13, 2009, plaintiff tendered a seven-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on January 4, 2010. The court now determines that plaintiff should be allowed to prosecute his medical care claim against Drs. Abraham Safeek, Debra Stevens, Diana

Urey, and Cathy Pavelka, but that the claims against the Dallas County Jail and Parkland Hospital Jail Healthcare should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that Dallas County jail physicians failed to provide adequate medical care for an internal tear in his chest wall over a nine-month period. More particularly, plaintiff contends that two doctors, Abraham Safeek and Debra Stevens, misdiagnosed his condition, ignored his symptoms, and refused to send him to Parkland Hospital for treatment. (*See* Mag. J. Interrog. #4 & 5). Plaintiff alleges that a third doctor, Diane Urey, performed medical procedures without his consent, did not order proper medical tests, performed surgery in an unsanitary manner, and failed to properly treat his chest injury. (*See* Mag. J. Interrog. #6). A fourth doctor, Cathy Pavelka, allegedly refused to transfer plaintiff to Parkland Hospital for intravenous antibotic treatments and ignored his repeated pleas for help. (*See* Mag. J. Interrog. #7). Plaintiff states that he "lost a rib" and developed an "infection around [his] heart and lungs" as a result of the substandard medical care rendered by the jail physicians. (*See* Mag. J. Interrog. #2). By this suit, plaintiff seeks unspecified money damages and equitable relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

### B.

The court initially observes that plaintiff has failed to state a claim for relief against two defendants named in his complaint--the Dallas County Jail and Parkland Hospital Jail Healthcare. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Dallas County Jail nor Parkland Hospital Jail Healthcare are separate legal entities having jural authority. *See, e.g. Champion v. Parkland Jail Health*, No. 3-09-CV-0689-M, 2009 WL 1904816 at *2 (N.D. Tex. Jul. 2, 2009) (Parkland Jail Health is not a proper defendant with jural existence); *Gibson v. Dallas County Jail System*, No. 3-07-CV-0490-L, 2007 WL 1576264 at *2 (N.D. Tex. May 31, 2007) (same as to Dallas County Jail). Consequently, plaintiff's claims against these defendants should be dismissed.

C.

The court reaches a different conclusion with respect to plaintiff's medical care claim against Drs. Abraham Safeek, Debra Stevens, Diana Urey, and Cathy Pavelka. To establish a constitutional violation based on the denial of medical care, a prisoner must show that the defendants acted with deliberate indifference to a serious condition such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). A delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does an incorrect diagnosis or a mere disagreement over the proper course of medical treatment constitute deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Rather, a prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Without suggesting a view of whether dismissal may be appropriate in another procedural context, such as a motion for summary judgment, the court determines that dismissal is not proper at the preliminary pleading stage. Plaintiff should be permitted to prosecute his medical care claim against the jail physicians.

## **RECOMMENDATION**

Plaintiff should be allowed to prosecute his medical care claim against Drs. Abraham Safeek, Debra Stevens, Diana Urey, and Cathy Pavelka. His claims against the Dallas County Jail and Parkland Hospital Jail Healthcare should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE