IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEWART V. BRAGG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1931-N |
| | § | |
| DR. ABRAHAM SAFEEK, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Plaintiff Stewart V. Bragg has filed a motion for leave to join "Dr. Porsa" as an additional defendant in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. According to plaintiff, Dr. Porsa, along with four other jail physicians who were previously named as defendants, failed to provide adequate medical care for an internal tear to his chest wall. For the reasons stated herein, the motion is denied.

In order to state a civil rights claim against Dr. Porsa for denial of adequate medical care, plaintiff must allege facts which, if proved, show that the doctor acted with deliberate indifference to a serious condition such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires some factual allegation that Dr. Porsa was subjectively aware of a substantial risk of serious harm to plaintiff, and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the context of a medical

care claim, a pretrial detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, plaintiff alleges that Dr. Porsa refused to send him to Parkland Hospital for treatment of his chest wound. Instead:

> [Dr. Porsa] told me to put silver nitrate on my chest hole to carterize [sic] the puss leaking hole. After 30 days of that not working, he offered to put me on "wound vac." I refused [and] told him I did not ever want any more county jail remedys [sic] done to my chest. He still refused to send me to Parkland and it was months before I finally went [and] I'm sure my ribs [and] chest were worse off because of his indifference to my medical needs.

(*See* Plf. Mot. at 1). Plaintiff acknowledges that Dr. Porsa treated his chest wound with silver nitrate and offered to put him on "wound vac"--a treatment option that was rejected by plaintiff. Although plaintiff faults the doctor for not sending him to Parkland Hospital, this is nothing more than a disagreement over the course of medical treatment that is not actionable under 42 U.S.C. § 1983. *See, e.g. Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993); *Longoria v. Dallas County Sheriff's Dept.*, No. 3-09-CV-1684-O, 2009 WL 4884157 at *3 (N.D. Tex. Dec. 16, 2009); *Williams v. Dallas County*, No. 3-01-CV-0400-D, 2003 WL 21662823 at *5 (N.D. Tex. Jul. 14, 2003), *rec. adopted*, 2003 WL 22359487 (N.D. Tex. Sept. 9, 2003).

Plaintiff has failed to state a claim for relief against Dr. Porsa. Accordingly, his motion for leave to join the doctor as an additional defendant [Doc. #43] is denied.

SO ORDERED.

DATED: June 9, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE