IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEWART V. BRAGG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:09-CV-1931-N |
| | § | |
| DR. ABRAHAM SAFEEK, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On November 9, 2011, the United States Magistrate Judge made findings, conclusions and a recommendation in this case, urging that the Court grant defendants' motion for summary judgment because, "[e]ven when viewed in the light most favorable to plaintiff, the summary judgment evidence does not suggest that any of the defendants were deliberately indifferent to plaintiff's medical condition." *Bragg v. Safeek*, No. 3:09-CV-1931-N-BD, 2011 WL 6129593 at *4 (N.D. Tex. Nov. 9, 2011). The Court vacated its December 9, 2011 order accepting the findings of the Magistrate Judge to permit plaintiff to file untimely objections. On May 4, 2012, plaintiff filed a written objection claiming that the Magistrate Judge's factual findings were "materially incorrect" because he ignored or misconstrued evidence tending to show that indicia of an abscess were present upon plaintiff's arrival at the Dallas County Jail. (*See* Doc. #108 at 1). Plaintiff points to two clinical notes in which two Dallas County Jail nurses referred to plaintiff's injury as an "abscess" in support of his belief that the medical providers at the jail were deliberately indifferent to his serious medical needs by leaving such injury untreated. *See id.* at 1-2.

The District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. Even if the nurses' clinical notes could be read to

indicate that they had diagnosed plaintiff with an abscess soon after his arrival at the Dallas County Jail, this evidence does not suggest that any of the named defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct[.]" *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  The undisputed summary judgment evidence establishes that plaintiff was seen and treated by members of the jail medical staff more than 100 times in response to his medical requests.  Plaintiff's objections to defendants' care boils down to a disagreement over the course of his medical treatment.  At most, he has stated a claim for medical negligence, which is not actionable under 42 U.S.C. § 1983.

Accordingly, plaintiff's objections are overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.[1]

SO ORDERED this 10th day of May, 2012.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that plaintiff seeks "an audience with the Court so that he may be permitted to present his concerns and objections in person," (*See* Doc. # 107 at 1), his request is denied.  Plaintiff's written responses and objections have clearly and effectively set forth the legal and factual basis of his case, so a hearing is not warranted.